## ROBERTSON ET AL. *v.* LIEBER.

[No. 8,299. Filed April 28, 1914.]

1. DEEDS.—*Construction.*—*Warranty.*—A warranty deed conveying several parcels of land described, each description being followed by the statement that the parcel contained by estimation a specified number of acres, "be the same more or less", and which in a final clause states that by estimation the total area conveyed exceeds 156 acres, more or less, but expressly stipulates that the grantors do not warrant that the total area exceeds 156 acres, when fairly construed discloses an intention of the grantors to warrant the quantity of land conveyed at 156 acres.. p. 154.
2. DEEDS.—*Construction.*—A deed of conveyance, when susceptible of more than one construction, will be most strongly construed against the grantor. p. 155.
3. DEEDS.—*Construction.*—*Evidence.*—The court was justified in finding that a deed of conveyance warranted the contents of the tract to be 156 acres, where the deed was susceptible to such construction, and there was some evidence tending to show that such was the construction given by the parties. p. 155.
4. PLEADING.—*Complaint.*—*Demurrer.*—Where there was no error in the conclusions of law stated on a finding of the facts which followed the complaint, such complaint was good as against a demurrer. p. 155.

From Marion Circuit Court (19,172); *Charles Remster,* Judge.

Action by Otto R. Lieber against Alexander M. Robertson and others. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Newberger, Richards, Simon & Davis,* for appellants.
*Hooton & Hack,* for appellees.

SHEA, P. J.—The complaint in this case was in one paragraph, declaring on and exhibiting a deed from appellants

to appellee conveying to him a certain farm composed of five several tracts. It is alleged in substance, that on October 4, 1909, appellants, in consideration of the payment of $16,000, by their warranty deed, conveyed to appellee certain real estate in Marion County, Indiana; that the deed contained general covenants of warranty by which appellants covenanted and warranted that there were 156 acres of land conveyed; that there were not 156 acres, but only 145¼ acres in the tract, and by reason thereof appellee was deprived of 10¾ acres, sustaining damages in the sum of $1,500, for which amount judgment is demanded. The deed declared on conveyed the land in five parcels. Each parcel is described by metes and bounds, the description closing with the following general statement: "Parcel No. 1 as herein conveyed contains by estimation, forty-six (46) acres, be the same more or less." The same language is used following each description, setting out the number of acres in the particular parcel. The deed also contains this stipulation as the last clause therein: "By estimation, the total area of the tracts hereby conveyed is in excess of one hundred fifty-six (156) acres, more or less, but it is hereby expressly stipulated that the grantors herein do not warrant to the grantee herein that the said total area exceeds one hundred fifty-six (156) acres."

Appellants' demurrer to the complaint was overruled. Answer in general denial. The cause was tried by the court, and at the request of appellants a special finding of facts was made and conclusions of law stated thereon as follows: (1) That appellants contracted and warranted in writing to appellee that the real estate contained 156 acres. (2) That appellants are liable to appellee for the difference between 156 acres, the number of acres contracted to be conveyed, and 145.25 acres, the actual number conveyed at the price of $102.50 per acre. (3) That appellee is entitled to recover from appellants the sum of $1,250. Over appel-

lants' motion for a new trial, judgment was rendered in accordance with the conclusions of law.

It is assigned that the court erred in overruling appellants' demurrer to the complaint, in each conclusion of law, and in overruling appellants' motion for a new trial.

The sole question for determination in this appeal arises on the construction to be given the stipulation in the deed last above quoted. Appellee relies on this stipulation as an affirmative contract and warranty that the five tracts described in the deed, together contain at least 156 acres. If the grantor in this conveyance had stopped with the language used at the close of each description, namely, "Parcel No. ———— as herein conveyed contains by estimation ———— acres, be the same more or less", there could be no contention as to the intention of the parties. The language implies doubt in the mind of the grantors and therefore imports doubt to the grantee as to the quantity of land in each several tract. But the language used at the close of the instrument, namely, "By estimation, the total area of the tracts hereby conveyed is in excess of one hundred fifty-six (156) acres, more or less, but it is hereby expressly stipulated that the grantors herein do not warrant to the grantee herein that the said total area exceeds one hundred fifty-six acres", distinctly conveys the idea that there were at least 156 acres. The only doubt expressed is as to the excess contained over 156 acres. The additional statement that the grantors do not warrant the title to exceed 156 acres gives confirmation to the theory adopted by the trial court that it was the intention by this language to warrant the quantity contained in the five several tracts at not less than 156 acres. The grantors were not obliged to use any additional language at the close of the instrument, and the fact that the sentence was added is evidence that it was intended for some specific purpose, and the reasonable and fair construction thereof is that the grantors intended to warrant the quantity of the land conveyed at 156 acres.

It is a well-settled rule of construction that if a contract (deed) is susceptible of more than one construction, it must be most strongly construed against the mover. This contract being susceptible of more than one construction because of the language above pointed out, must be most strongly construed against the appellants, grantors. *Scott* v. *Michael* (1891), 129 Ind. 250, 28 N. E. 546; *Tinder* v. *Tinder* (1892), 131 Ind. 381, 30 N. E. 1077.

There is some evidence tending to show this construction was given to the deed by the parties. In such case the court was warranted in finding that the parties intended the whole tract should contain 156 acres, aside from the language of the deed. *Figgins* v. *Figgins* (1913), 53 Ind. App. 43, 101 N. E. 110; *Ragel* v. *Dedman* (1912), 50 Ind. App. 359, 98 N. E. 367; *Scott* v. *Michael, supra.* We see no error in the ruling of the trial court so holding. The court committed no error in stating its conclusions of law upon the facts found. It follows therefore, that the complaint was good as against a demurrer. *Town of Cicero* v. *Lake Erie, etc., R. Co.* (1913), 52 Ind. App. 298, 97 N. E. 389. There was no error in overruling appellants' motion for a new trial.

Judgment affirmed.

NOTE.—Reported in 105 N. E. 66. As to the controlling effect in deeds of the intent of the parties, see 111 Am. St. 770. As to the effect of words "more or less" or "by estimation" in a deed, see 15 L. Ed. U. S. 944. See, also, under (1) 13 Cyc. 639; (2) 13 Cyc. 609; (3) 13 Cyc. 608; (4) 31 Cyc. 288.