CHARLES B. BRUCH *v.* CENTERVIEW COMMUNITY CHURCH, INC.

[No. 3-277A49. Filed August 21, 1978.]

*Benton W. Bloom, Bloom, Bloom & Fleck, P.C.*, of Columbia City, for appellant.

*John W. Whiteleather, Jr., Thomas D. Blackburn*, of Columbia City, for appellee.

STATON, J.—Charles Bruch filed suit against Centerview Community Church, Inc. ("Centerview") to quiet the title to certain real estate. The jury returned a verdict in favor of Centerview. In his appeal to this court, Bruch contends that the trial court erred in instructing the jury.

We affirm.

The material facts are not disputed. In 1874, Bruch's predecessors in interest executed a deed which reads in pertinent part as follows:

"John M. Stultz and Nancy J. Stultz, of Whitley County, Indiana, convey and warrant to J.M. Stultz, J.H. Lee, John Benner, Martin Fetter, John Sickafoose and Samuel Sickafoose, Trustees of the United Brethern [*sic*] as long as used for church purposes, when not used as church purposes said property reverts back to John M. Stultz, of Whitley County, Indiana, for the sum of $50.00 the following real estate:

[legal description omitted]

"The above property to be free and open to all orthodox churches when not occupied by the above named United Brethern [*sic*]. . . ."

In 1877, Bruch's predecessors in interest executed another deed purporting to correct an error in the previous deed. The second deed reads in pertinent part as follows:

"John M. Stults [*sic*] and Nancy J. Stults [*sic*], his wife of Whitley County, Indiana, convey and warrant to J.M. Stults [*sic*], J.H. Lee, John Benner, Martin Fetrow [*sic*], and John Sickafoose as Trustees of the United Brethern [*sic*] Church in Christ to their successors of Officer forever, of Whitley County, Indiana, for the sum of $50.00 the following real estate:

[legal description omitted]

"This conveyance is made and accepted upon the express agreement that so soon as the above property is not used for Church purposes the title thereto shall thereupon immediately revert to the grantors therein. The above property to be free and open for use by and to all Orthodox Churches when not occupied by the above named United Brethern [*sic*] Church.

"This conveyance to correct error Deed made by above grantors to above grantees dated, August, 12" [*sic*], 1874. . . ."[1]

The United Brethren Church in Christ subsequently merged with the Evangelical Church and became the Evangelical United Brethren Church. In 1963, the Evangelical United Brethren Church terminated its use of the land and subsequently transferred its interest in the property to Centerview. Thereafter, Bruch filed his complaint to quiet the title to the real estate.

Bruch contends that the trial court committed reversible error in giving the following instruction:

## "COURT'S FINAL INSTRUCTION NUMBER 11

"The Court has ruled as a matter of law that the two deeds dated August 12, 1874 and February 3, 1877, and admitted into evidence as Plaintiff's Exhibits 1 and 2 by the terms of which John M. Stultz and Nancy J. Stultz, as grantors, conveyed to the named Trustees of the United Brethren Church, the grantees, a determinable fee in the real estate at issue in this case with a possibility of reverter remaining in the said grantors.

"A determinable fee is an estate in fee simple which is created

---

1.   There are several differences between the two deeds. It is not necessary for us to determine which "error" the second deed was supposed to correct, however, because the nature of the conveyance, which is the only issue before us, would be the same under either deed.

to subsist in the grantee until the occurrence of a named event and automatically ceases and terminates upon the occurrence of such named event without any further act on the part of the grantors and the ownership of the real estate reverts to the original grantors or their successors in interest.

"A further incident of a determinable fee is that the respective interests of both the original grantors and the original grantees of the deeds creating the determinable fee may be validly transferred and conveyed by either party until such time as the named event has occurred and the determinable state has been terminated.

"In this case, the determinable fee created by the two deeds in question would continue in and be held by the original grantees and its successors in interest for so long as said real estate is used for church purposes by the United Brethren Church or another orthodox church, and no reversion would occur unless and until said real estate is no longer used for church purposes by said United Brethren Church or another orthodox church."

Bruch agrees with the trial court's conclusion that his predecessors in interest conveyed a fee simple determinable and retained a possibility of reverter. He disagrees, however, with the trial court's conclusion as to the contingency that would activate the reversion. Bruch argues that the title was to revert, and in fact did revert, when the Evangelical United Brethren Church stopped using the property for its own church purposes. Centerview responds that the language found in the deeds is much broader and much less restrictive than Bruch contends and that the trial court properly instructed the jury.

The language used by the grantors is less than clear and concise. Therefore, in our efforts to resolve this dispute, we must consider the general rule that a deed should be construed strictly against the grantor because he had the advantage of drafting the instrument. *Long v. Horton* (1956), 126 Ind.App. 651, 133 N.E.2d 568. It follows that when, as here, the language of a deed will admit of two constructions, the construction less favorable to the grantor is to be adopted. *Scott v. Michaels* (1891), 129 Ind. 250, 28 N.E. 546. Accordingly, we conclude that the trial court's well-drafted instruction is a correct interpretation and explanation of the conveyance.

The judgment of the trial court is affirmed.

Lowdermilk, J. (by designation) concurs;

Garrard, P.J., concurs in result.

NOTE—Reported at 379 N.E.2d 508.