## Ratliff and Another, Executors of Baldwin, *v.* Baldwin.

Default.—Motion to Set Aside.—An affidavit, filed in support of a motion to set aside a default, showed that the defendant and his counsel had been in attendance upon the court until the announcement was made by the judge that the case would no$ be tried at that term, and that upon the faith of this statement defendant and his counsel left the court, &c. The affidavit also disclosed merits.

*Held,* that good cause was shown for setting aside the default.

*Held,* also, that such applications should be disposed of by the judge in a summary way, upon the affidavits and the facts within his knowledge.

Same.—Bill of Review.—Where the record disclosed that a paper was filed with the affidavit which was treated as a complaint to review the judgment, and upon which an issue was made up, but the answer and reply were not in the record, it was held that the action of the court in granting the relief without the trial of any issue was not erroneous, as it did not appear that the answer tendered any issue.

Decedents' Estates.—Widow's Portion.—Suit by a widow against the executors of her husband's will to recover the $300 allowed by law to her. It appeared in evidence that the widow took, under the will, $750 of personal property, and of the residue of the personal estate, a small sum, remaining after the payment of debts, was distributed to the widow and children of the testator. The widow, after taking $750 under the will, instituted an action to set aside the will, and in that action secured a partition of the real estate without regard to the will.

*Held,* that while retaining the personal property taken by her under the will, which was in excess of the amount coming to her under the law, the widow could not maintain the action.

APPEAL from the *Grant* Common Pleas.

Ray, J.—The appellee brought suit against the appellants, who were the executors of the last will of her deceased husband. She claimed that by the law she was entitled to receive three hundred dollars out of the personal estate. A default was taken, and at the next term of the court an application was made by affidavit, accompanied by what seems to have been intended and to have been regarded by both parties as a complaint to review the judgment. An answer was filed and a reply thereto, but neither are in the record before us. A motion was also made, upon filing the affidavit, to have the default and judgment set aside. The court, without a trial of any

issue, sustained the motion. Upon this action of the court, the appellee assigns cross-error. We think the ruling was correct. The affidavit alleged that the appellants had been in attendance upon the court with their counsel until informed by the judge that the case would not be tried at that term, and they had thereupon returned to their homes. At a subsequent day, an attorney of the court was appointed and acted as judge, and allowed the default. The affidavit also disclosed a defense to the action.

If this application is to be regarded as a simple motion to set aside a default and judgment taken against the appellants through their mistake, inadvertence, surprise, or excusable neglect, under the provisions of the code, (2 G. & H., § 99, p. 118,) it was proper that the court should dispose of the matter in a summary manner, upon the affidavit and the facts within the knowledge of the judge. Nor can we say that any error was committed, if the complaint is regarded as an attempt to have the judgment reviewed under the provisions of article 28 of the code. 2 G. & H. 279. As the answers are not in the record, we cannot presume that they tendered any material issues of fact for trial. Every substantial averment of the complaint may have been admitted by the answers, and in that case there could be no error in granting the relief asked.

Upon the default being set aside, the appellants answered, and a trial was had, resulting in a finding for the appellee. This finding we cannot sustain. It appears from the evidence that the appellee took, under the will, personal property of the value of seven hundred and fifty-two dollars. The remainder of the personal property was sold to pay debts, and a small sum of money remaining was distributed to the appellee and her children. She subsequently brought her action to set aside the will, and in that proceeding she secured a partition of the real estate without regard to the provisions of the will. She now endeavors, while keeping the property she received under the will, to

claim also under the law. It is a sufficient answer to this, that she has repudiated the will, and therefore is only entitled to three hundred dollars worth of personal property as widow, and to share with her children in the remaining four hundred and fifty-two dollars, whereas she has already received that entire sum, and the remaining personal property having been sold to pay debts, and the real estate divided, nothing remains in the hands of the executors.

The judgment is reversed, with costs.

*J. Brownlee,* for appellants.

*I. Van Devanter, J. F. McDowell, A. Steele* and *R. T. St. John,* for appellee.

