Douglass *et al. v.* Keehn.

---

No. 8528.

Douglass et al. *v.* Keehn.

PRACTICE.—*Judgment.*—*Record.*—*Motion to Supply Omission.*—*Limitation.*—A proceeding to correct the record of a judgment rendered December 11th, 1877, by a motion to supply an omission, filed January 14th, 1880, under section 99, 2 R. S. 1876, p. 82, came too late and should have been dismissed because not commenced within two years.

SAME.—*Pleading.*—In such a proceeding no formal pleading beyond the complaint, or motion, is necessary, and the application should be heard and decided in a summary manner.

SAME.—Objection to the proceeding may be made by a motion to quash, or to dismiss, for reasons apparent upon the face of the pleading and accompanying affidavits.

From the Kosciusko Circuit Court.

*C. Clemans* and *A. C. Clemans*, for appellants.

BICKNELL, C. C.—This was a written motion by the appellee to correct the record of a judgment, by supplying an alleged omission therein, so as to make it show that the original note therein sued on was filed with the complaint; annexed to the motion was an affidavit in support thereof by the attorney of the appellee.

The appellants appeared without process and moved to dismiss the motion because it was filed more than two years after the rendition of the judgment, as was shown by the motion itself. The motion to dismiss was overruled.

The appellants then filed a demurrer to the motion for two causes, to wit:

1st.  That the court had no jurisdiction of the motion.

2d.  That the motion did not state facts sufficient, etc.

The demurrer was overruled; the appellants then answered the motion by a general denial, and the record says, "the cause was submitted to the court for determination upon the pleadings and proofs." The court found for the appellee, and rendered judgment that the record be amended so as to recite that the original note, therein sued on, was filed with the complaint as an exhibit thereto. Motions of the appellee for a new trial and in arrest of judgment were overruled, and the appellants excepted, and appealed from the judgment.

They assign errors as follows:

1.  In overruling the motion to dismiss;

2.  In overruling the demurrer to the motion;

3.  In overruling the motion in arrest of judgment;

4.  In overruling the motion for a new trial.

The following were the causes alleged for the new trial:

1.  The finding is contrary to evidence;

2.  The finding is contrary to law;

3.  The finding is against the weight of the evidence.

In the foregoing proceedings there were several irregularities. Originally, such relief was granted upon motion only. Under the amendment of section 99 of the practice act, adopted in 1867, Acts 1867, p. 100, the proceeding may be by complaint or motion. *Smith* v. *Noe*, 30 Ind. 117. But, in either of these modes, no formal pleadings are necessary beyond the complaint, or motion. *Nord* v. *Marty*, 56 Ind. 531. The answer, therefore, and the demurrer and the submission of the cause upon the pleadings and proofs, were all irregular. *Lake* v. *Jones*, 49 Ind. 297. The application, whether by complaint or motion, is a summary proceeding and should be heard in a summary manner, upon the depositions, affidavits or oral testimony of both parties, except that when the applicant is required to show a meritorious cause of action or de-

Douglass *et al. v.* Keehn.

fence, there can be no counter affidavits or contradicting evidence upon that matter. *Ratliff* v. *Baldwin,* 29 Ind. 16; *Buck* v. *Havens,* 40 Ind. 221.

If such a complaint or motion, and the affidavits filed therewith, are insufficient to warrant any relief, the objection is properly made by motion to quash or to dismiss the proceeding. Such a motion was made in this case, and it ought to have been sustained, because it appeared upon the face of the proceeding, that the motion was made more than two years after the judgment was rendered in which the omission was sought to be supplied.

Where a proper case is made under section 99, *supra,* within the time limited by that section, the court is bound to grant the proper relief. *Phelps* v. *Osgood,* 34 Ind. 150. The party must not only file his motion or complaint within the two years prescribed by said section, but he must issue his process thereupon within the two years. *Temple* v. *Irvin,* 34 Ind. 412. In the case at bar, the judgment was rendered on December 11th, 1877, and the motion was filed on January 14th, 1880.

The court therefore erred in overruling the motion to dismiss the proceeding, and for this error the judgment of the court below ought to be reversed, and this proceeding should be remanded with instructions to the court below to sustain the defendants' motion to dismiss the proceeding.

PER CURIAM.—It is therefore ordered by the court, upon the foregoing opinion, that the judgment of the court below be, and it is hereby, in all things reversed, at the costs of the appellee, and this cause is remanded with instructions to the court below to dismiss the proceeding.