Filed Oct. 11, 1884.

---

No. 10,235.

LANCASTER ET AL. *v.* DuHADWAY, AUDITOR, ET AL.

TAXES.—*Complaint to Set Aside Sale.—Tender.*—A complaint to set aside a sale of land for taxes, and to cancel the certificate of purchase, on the ground that the plaintiffs have tendered the amount of the taxes and the interest thereon to the purchaser, is insufficient upon demurrer, unless the plaintiffs also bring the money into court, or offer to pay it to the purchaser upon obtaining the relief demanded.

SAME.—*Deed.—County Auditor.—Injunction.—Legal Disability.—Infant.*—The auditor of the county has authority to execute a conveyance of land sold for taxes, at the expiration of two years from the time such sale was made, though such lands belong to persons under disabilities, and, therefore, he can not be enjoined from executing such deed unless the lands are redeemed from such sale.

From the Wayne Circuit Court.

*J. W. Newman*, for appellants.

*C. H. Burchenal*, for appellees.

BEST, C.—The appellants, who are minors, brought this action by their next friend, against Caleb S. DuHadway, auditor of Wayne county, and Almeron F. Chapin, who had purchased the appellants' land for taxes, to cancel the certificate of purchase and to enjoin the execution of a deed.

The complaint consisted of two paragraphs, each of which averred, in substance, that the appellants owned the land de-

scribed; that said auditor, on the 12th day of February, 1880, sold said land to said Chapin at a tax sale for $91.57, the full amount of taxes due thereon, and issued to him a certificate of purchase; that said Chapin has not, since that time, paid any taxes thereon, and that the appellants, on the 24th day of October, 1881, tendered to the treasurer of said county, and to said Chapin, $105.31, the amount mentioned in said certificate, with fifteen per cent. interest thereon, in redemption of said property, but that each of them refused to receive the money so tendered; that said auditor threatens to execute to said Chapin a deed of said land at the expiration of two years from the date of said sale, and that the same will create a cloud upon their title, etc. Wherefore, etc.

A demurrer, for the want of facts, was sustained to each paragraph of the complaint, and, the appellants declining to further plead, final judgment was rendered against them. The ruling upon the demurrer is assigned as error.

The appellee insists that the complaint was insufficient, because the appellants do not aver that they bring the money tendered into court for him, or offer to pay it upon obtaining the relief demanded. This objection is well taken. The complaint is an application to a court of equity to cancel a certificate of purchase and to enjoin the auditor from executing a deed to the purchaser. This invokes the equitable aid of the court, and it is well settled that a court of equity will not extend its aid to a party who does not himself do equity. *Harrison* v. *Haas,* 25 Ind. 281; *Jones* v. *Sumner,* 27 Ind. 510; *McWhinney* v. *Brinker,* 64 Ind. 360.

This rule requires a party who seeks the equitable aid of a court, in order to protect himself against his adversary in such case as this, to bring the money due him into court, so that he can take it when the relief is granted. The tender of the money does not pay the debt, and if the relief were granted without requiring its payment, the court would deprive the purchaser of his only protection by destroying the muni-

ments of his title while the money due him remains unpaid. This a court of equity will not do.

The appellants concede this rule in all applications to redeem real estate sold for the enforcement of liens, but they maintain that this suit is not such application. They insist that the tender of the amount of money due and the refusal of the purchaser to accept it operated as a redemption of the property, and as the property by such tender and refusal has already been redeemed, this is not an application for such purpose, but solely for the purpose of cancelling the certificate of purchase and of enjoining the execution of the deed. If the tender and its refusal thus operated, the result in this case is the same. The money due is not paid. Though it was tendered, and its payment refused, it still remains unpaid, and so long as it remains unpaid, and the appellants do not offer to pay, a court of equity will not assist them. If this is nothing more than an application to cancel the certificate and to enjoin the execution of the deed, still the application is to a court of equity to obtain its aid in order to prevent the purchaser from enforcing his claim through these muniments of his title. It is therefore immaterial whether the complaint is regarded as a bill to redeem or to cancel the certificate and enjoin the execution of the deed. In either case the same principle is involved, and the same rules control. *Cowles* v. *Marble*, 37 Mich. 158.

If the appellee were attempting to enforce his claim in any way, an answer, that the full amount due him had been tendered to him and had been refused by him, would probably bar his claim as such tender, and refusal would divest his lien, and in this sense would operate as a redemption of the property. *Moynahan* v. *Moore*, 9 Mich. 9; *Caruthers* v. *Humphrey*, 12 Mich. 270; *Dean* v. *City of Madison*, 9 Wis. 402; *Loomis* v. *Pingree*, 43 Maine, 299; *Kortright* v. *Cady*, 21 N. Y. 343, 366.

The appellee, however, is not attempting to enforce his

lien, and therefore the rule announced in the above cases has no application in this case.

It is also insisted that the amount of money tendered was not sufficient to redeem the property, as fifteen per cent. interest was less than the appellants were required to pay, as they did not offer to redeem their property within six months from the time it was sold.

This question does not now necessarily arise, as the complaint is insufficient, whether they did or did not tender enough. When the appellee seeks to enforce his claim, the question may then arise, and if it does it can then be decided.

The complaint, for the reasons given, was insufficient, and as the demurrer was properly sustained the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby affirmed, at the appellants' costs.

Filed Feb. 22, 1884.

## ON PETITION FOR A REHEARING.

BEST, C.—The appellants, in support of their petition for a rehearing, insist that a county auditor has no authority to execute a deed for the lands of an infant sold for taxes, until the expiration of two years from the time such infant attains full age, and, as such deed will create a cloud upon the title, the complaint in this case was sufficient to enjoin the execution of such deed.

The statute provides that the owner of any lands sold for taxes may redeem the same at any time within two years from the last day of sale, and if no person redeems the same within said time, the auditor of the county in which such sale took place, at the expiration of such time, upon the production of the certificate of purchase, shall execute a conveyance of such real estate to the purchaser, his heirs or assigns. 1 R. S. 1876, pp. 121, 122, sections 208 and 222.

These sections of the statute are general, and apply alike

to all persons and to all sales. The first section enables all persons, whether laboring under disabilities or not, to redeem from such sales within two years, and the last requires the auditor to execute a deed, at the expiration of such time, for all land sold for taxes, notwithstanding the fact that the owner may be an infant.

It is true, that such persons are not required to redeem within such time, but may do so at any time within two years after the removal of their disability. 1 R. S. 1876, p. 121, section 210.

The right to redeem may be exercised by such persons after the execution of a deed, and as the statute requires the auditor to make a deed for all lands after the expiration of two years from the sale, the mere fact that some persons may thereafter redeem does not deprive the auditor of the power to make the deed. The statute applies alike to all sales and makes no other provision for the conveyance of lands owned by persons under disabilities. No exception in favor of such persons is created by the statute and none can be by construction. Aside from this the auditor has no means of determining whether the owner of a given parcel of land sold for taxes is under disability, or when such disability ceases to exist. These are questions of fact not disclosed by the record and can only be determined by extrinsic testimony. Nor does the statute confer any authority upon him to determine them. It simply requires him to execute a conveyance to the purchaser, his heirs and assigns, after the expiration of two years from the last day of sale upon the production of the certificate, and, as this requirement embraces all sales, it necessarily includes the conveyance of lands owned by persons under disabilities. If so, the auditor can not be enjoined from the execution of a deed of conveyance unless the lands are redeemed from such sale. This may be done, and if the owner does not choose to do so within two years, he can not invoke the aid of a court of equity to enjoin the auditor from discharging a duty imposed upon him by a

. plain requirement of the statute. This is no hardship, as the right to redeem against all persons claiming through such sale is unaffected by such conveyance.

In *Ethel* v. *Batchelder*, 90 Ind. 520, a case where a married woman, whose land had been sold and conveyed for the non-payment of taxes, sought to quiet her title on the ground that the rents and profits received by the purchaser, who was in possession, exceeded the taxes, interest and penalties, it was incidentally said that the deed executed during coverture was improvidently issued, but as the decision did not turn upon such point, and as the conclusion reached is in entire harmony with the conclusion here reached, that case can not be deemed in conflict with this one. The petition should, therefore, be overruled.

PER CURIAM. –The petition is overruled.

Filed Nov. 13, 1884.