Filed December 12, 1895.

---

No. 17,312.

RISTINE, GUARDIAN, *v.* JOHNSON ET AL.

INTEREST.—*Tax Sale.—Redemption.—Lunatic.*—Interest cannot be allowed in computing the necessary amount to redeem a lunatic's land from a tax sale, under section 8610, R. S. 1894, authorizing a redemption from such sale within two years by any land-owner, on payment of the purchase-money with costs and 25 per cent. addi-

Ristine, Guardian, *v.* Johnson *et al.*

tional, and all taxes paid with interest, and section 8611, authorizing a redemption in a similar manner by insane persons within two years after their recovery.

TAX SALE.—*Redemption.*—*Lunatic.*—*Conveyance.*—A purchaser at a tax sale of land belonging to a lunatic, who has received a tax deed, cannot, on redemption, recover under section 8641, R. S. 1894, providing that where any conveyance pursuant to a tax sale proves invalid the purchaser shall be entitled to recover from the owner the amount of legal taxes, charges and interest at 20 per cent. from the date of the sale, and all subsequent taxes paid with like interest, as by sections 8610, 8611, such lunatic has the right to redeem within two years after the expiration of the disability by paying the amount paid at the tax sale, with costs and penalty not exceeding 25 per cent. in addition, and the taxes which have been paid thereon, with 6 per cent. interest.

Opinion on Petition, by MONKS, J.

From the Montgomery Circuit Court.

  *Ristine & Ristine,* for appellant.

  *H. D. Van Cleave* and *I. M. Davis,* for appellees.

MONKS, J.—In this case there was a special finding of facts and conclusions of law stated by the court. The only error assigned calls in question the conclusions of law. The facts, so far as necessary to the determination of the questions presented, are as follows:

Appellant's ward is, and has been since 1887, a person of unsound mind. His real estate was sold at the tax sales in 1888, 1890 and 1891. Tax deeds were made to the purchasers at the sales of 1888 and 1890. This action was commenced in May, 1892, and tried February, 1893. The only question presented is whether interest is to be computed on the amounts for which said real estate sold at said tax sale. It is admitted by appellant that appellees are entitled to six per cent. interest on each payment of taxes by them made, if any, after said sales, but he insists that the court erred in computing interest on the money paid at said tax sales.

We think appellant is right in this contention. Sec-

tion 6466, R. S. 1881, and section 8610, R. S. 1894, which is a re-enactment of the first named section, provide that the owner or occupant of any land sold for taxes may redeem the same at any time during the two years next ensuing, and if redeemed after one year, and within two years, he shall pay the purchase-money, together with costs and twenty-five per cent. in addition, and he shall also pay all taxes which have been paid thereon, with interest at the rate of six per cent. per annum on such taxes.

Sections 6467, R. S. 1881, and 8611, R. S. 1894, provide that infants, idiots and insane persons may redeem any lands belonging to them, sold for taxes, within two years after the expiration of such disability, in the same manner as provided in the foregoing section for redemption by other persons. Appellant's ward comes within the purview of these sections, and is entitled to the benefit thereof.

The section referred to does not provide for any interest on the purchase-money paid at the tax sale—only a penalty thereon and costs are allowed by law, in case of redemption. Interest, however, is provided for on all subsequent taxes paid by the purchaser or his assignee. *Schissel* v. *Dickson*, 129 Ind. 139, is not in point, as that case depended upon section 208 of the tax law of 1872, 1 Davis Stat. 121, which expressly provides for interest on the purchase-money paid at a tax sale, in case of redemption.

It follows, therefore, that the court erred in its conclusions of law. Judgment reversed, with instructions to restate the conclusions of law in accordance with this opinion, and for futher proceedings not in conflict therewith.

Filed October 15. 1895.

## ON PETITION FOR REHEARING.

MONKS, J.—Appellee has filed a petition for rehearing, in which he earnestly insists that his rights as a purchaser at a tax sale having a tax deed are measured by section 8641, R. S. 1894, which provides that if any conveyance by the county auditor pursuant to a tax sale made for the non-payment of taxes shall prove invalid or ineffectual to convey title, etc., the lien which the State has on such land for State, county, township, and all lawful purposes shall remain in full force and shall be transferred by such deed to the grantee and vested in him, etc., who shall be entitled to recover from the owner of such lands the amount of such legal taxes, together with all lawful charges, with interest at 20 per cent. per annum from date of such sale, and also the amount of subsequent taxes paid with like interest, and such claim shall be a lien upon such lands and the same shall be bound for the payment thereof; and in case judgment shall be rendered against the person holding the title from the auditor as aforesaid for the recovery of such land in an action of ejectment or other action either at law or in equity, the court shall ascertain the amount due the party holding such tax deed, and for principal and interest, and shall decree the payment thereof, etc., and in default of payment shall order that such land be sold to pay the same, and that there shall be no right of redemption after the sheriff's sale, who shall execute to the purchaser a deed in fee simple.   If this section were held to apply to the land of "infants, idiots and insane persons, sold at tax sale," they would be deprived of the right to redeem within two years after the expiration of such disability given them by sections 8610, 8611, R. S. 1894.

The execution of a tax deed does not prevent such

persons from exercising the right of redemption.    *Lancaster* v. *DuHadway*, 97 Ind. 565, on page 569.

Under section 8641, *supra*, when judgment is rendered, the real estate is sold for cash without relief from valuation or appraisement laws, and the sheriff executes the deed on payment of the purchase-money, from which sale there is no right of redemption.    Besides the judgment, if recovered against an infant, idiot or insane person, and no real estate were sold by virtue thereof, the same would be conclusive against such infant, idiot or insane person until set aside.    Such judgment would include interest at the rate of 20 per cent. per annum on the amount paid at the tax sale and also on the amount of all subsequent taxes paid, while such persons have the right to redeem under section 8610, *supra*, by paying the amount paid at the tax sale with cost and penalty not exceeding 25 *per centum* in addition and the taxes which have been paid thereon with 6 per cent. interest.    No redemption could be had under said section so long as such judgment remained in effect.

Such was not the intention of the Legislature.    These sections concerning tax sales and the rights and remedies of the owners or occupants of the lands sold and the purchasers at such sales, must be construed together, so as to give effect to each section so far as possible.

It is clear considering all the sections concerning sales, redemption and the rights of the respective parties, that purchasers at tax sales who have received a tax deed cannot recover under the provisions of section 8641, R. S. 1894, *supra*, against infants, idiots or insane persons.    Under the provisions of the tax law, infants, idiots, and insane persons cannot be deprived of the right of redemption from tax sales during such disability, and until two years after the expiration of such disability.    Any other construction would render the

section giving such persons the right of redemption, of no force. It is the duty of the guardians of infants, idiots, and insane persons, to pay the taxes on the property of their wards out of the money of the ward in their hands. If they have no money of the ward, they may sell real or personal property for that purpose. Section 2528, R. S. 1881; section 2692, R. S. 1894. If they fail or refuse to pay such taxes, they may be compelled to do so. Section 8587, R. S. 1894. If such a person have no guardian, one may be appointed. By this means the county treasurer or purchaser at tax sale may compel payment of taxes on the property of such persons.

The petition is, therefore, overruled.

Filed December 13, 1895.