No. 17,024.

## WAGNER, GUARDIAN, *v.* STEWART.

TAX LIEN.—*Against Land of Lunatic.—Foreclosure.—Guardian.*— A tax lien against land belonging to a lunatic cannot be ordered foreclosed and the land sold to pay the lien, in an action by the lunatic's guardian to recover possession of the land and to cancel the lien, under sections 8610, 8611, R. S. 1894, giving lunatics two years after their recovery to redeem from a tax sale.

SAME.—*Sale.—Possession.*—A lien for taxes on land belonging to a lunatic, in favor of a purchaser of such land at a tax sale, does not entitle the purchaser to the right of possession.

From the Jennings Circuit Court.

*B. F. Tweedy* and *G. F. Lawrence*, for appellant.

HOWARD, J.—This was an action in relation to the foreclosure of a tax lien.

The land was sold for delinquent taxes, February 13, 1881; and on October 8, 1883, the deed therefor, under which appellee claims was made by the auditor of Jennings county, and possession at once taken thereunder.

At the time the land was sold for taxes, Patrick Murphy, then owner thereof, was, and ever since has been, a person of unsound mind.

On February 3, 1892, this suit was brought by the appellant, as guardian, to recover possession of his said ward's real estate, and to cancel the lien thereon for taxes.

In the first paragraph of the complaint, it was alleged, amongst other things, that the tax sale was irregular, and that the lien for taxes had been satisfied. The prayer was for an accounting and to quiet title. There

was a second paragraph for possession and damages, and a third to quiet title.

On the overruling of demurrers to the complaint, an answer was filed in general denial, also an answer of valuable and lasting improvements as against the claim of appellant for waste, rents and profits.

A demurrer to the special answer was overruled, and the appellee replied in general denial, and also by set-off for rents and profits, to which last a demurrer was also overruled.

The appellee, likewise, filed a cross-complaint setting up his title by tax deed, also the making of valuable and lasting improvements, and the payment of subsequent taxes. There was with the cross-complaint an alternative prayer for relief, to quiet title, or, if the facts should show want of title, that a lien be declared for taxes and value of improvements, the lien ordered foreclosed, and the land sold to pay the same. On the overruling of a demurrer to appellee's cross-complaint, an answer in general denial was filed by appellant, and also a plea of payment. To the plea of payment the appellee replied in general denial.

The cause was submitted to the court for trial, and special findings were made.

The findings show the sale of the land for taxes, and the making of the tax deed under which appellee claims. It is also found that appellee made valuable and lasting improvements, but that these are fully offset by the value of the timber sold, and by rents and profits. The court further finds that appellee's tax deed did not convey good title, but that he has a lien for $29.43 taxes originally paid by him "with twenty-five *per centum* thereon, together with subsequent taxes paid with interest at six per cent., making the total amount of his lien seventy-five and 87-100 dollars." It is further found

that at the time of said tax sale, the said Patrick Murphy was the owner in fee simple of said real estate, and that he was then, and has ever since been, a person of unsound mind.

The court concluded from the facts found that the tax lien should be foreclosed, and the land sold to pay the same, and costs of the action.

The judgment and decree provided, among other things, that if the appellant did not pay and satisfy the tax lien within ninety days the land should be sold, and proceeds after payment of lien and costs, be paid to appellant ; and "that after such sale of said real estate the right of redemption of said plaintiff and all persons holding by, from, or under said Patrick Murphy, shall be forever barred and foreclosed. The said sale shall be without relief from valuation laws, and the sheriff shall, upon the payment of the purchase-money, execute to the purchaser a deed in fee simple for the said real estate."

The appellant, at the proper time, moved the court to modify the judgment so as to give appellant immediate possession of the land, that he recover his costs in the action for possession, that while the appellee should have a lien for the amount of his taxes, as in the decree ordered, yet the appellant should have a right to redeem from such lien as provided by sections 8610, 8611, R. S. 1894 (sections 192, 193, of the tax law of 1891), and that the provisions in said judgment for the foreclosure of the tax lien and sale of the real estate be stricken out. This motion was overruled, to which ruling an exception was taken, and the ruling so made is assigned as error.

The appellee has not favored us with a brief, and we are left to discover from the record, and from appellant's brief, upon what theory and under what statutes the case was tried and judgment rendered.

The action was brought by the guardian of an insane person, and the findings of the court, no less than the pleadings of the parties, seem to show that the case was tried on the theory that Patrick Murphy, the owner of the land, was an insane person and that the redemption, if any, should be had under sections 8610, 8611, R. S. 1894, *supra,* providing for redemption from tax sales by persons under legal disabilities.

The court finds expressly "that at the time of said sale, said Patrick Murphy was the owner in fee simple of said real estate, subject to said taxes, and was at that time, and has ever since been, a person of unsound mind."

The only section of the statute providing for redemption from tax sales by insane persons is section 8611, *supra,* according to which, "Infants, idiots and insane persons may redeem any lands belonging to them sold for taxes, within two years after the expiration of such disability, in the same manner as provided in the preceding section for redemption by other persons."

In the preceding section referred to (section 8610, *supra*), it is provided, among other things, that the owner or occupant of any land sold for taxes may redeem the same at any time within two years after date of sale; and, if redeemed after one year and within two years, he shall pay "the purchase-money together with costs and twenty-five *per centum* in addition, and he shall also pay all taxes which have been paid thereon with interest at the rate of six *per centum* per annum on such taxes." These are the actual amounts, original payment, penalty and interest, found by the court to constitute appellee's lien in the case before us. The penalty of twenty-five *per centum* on

original payment and six per cent. interest on subsequent taxes are provided for in no other section.

The findings of the court, therefore, show that the redemption from the tax sale in this case must be under provisions of sections 8610, 8611, *supra*.

Had the owner, Patrick Murphy, not been under the disability of insanity, and had the cross-complaint to foreclose the tax lien against him been filed within two years from the date of the tax sale, it is evident that the action would have been premature; for section 8610, *supra*, would have secured him the two years within which to redeem. See, generally, *City of Logansport* v. *Case*, 124 Ind. 254; and *Scott* v. *Millikan*, 104 Ind. 75, and cases cited. But by section 8611, *supra*, Patrick Murphy, the owner, in the case before us, being an insane person, has his two years yet to run, being the "two years after the expiration of such disability."

Even, however, if the record did not affirmatively show, as it does, that this case was tried on the theory of a redemption by an insane person from a sale of his land for taxes under the foregoing sections; still the action on cross-complaint could not be maintained under provisions of section 8640, R. S. 1894 (section 222 of the general tax law), which provides for actions to quiet tax titles, for the sufficient reason that the suit there contemplated is to be brought by one holding a tax deed taken out after the time for redemption has expired. The time within which a person suffering under disability may redeem is two years after the removal of the disability. The county auditor, however, having no authority to determine whether a land owner is suffering under disability or not, must, when requested, issue the tax deed after the expiration of two years from date of sale. *Lancaster* v. *DuHadway, Aud.*, 97 Ind. 565. But it is clear that if the time within which

the owner, by reason of his disability, may redeem, has not expired, there can be no quieting of title against him by the holder of such a tax deed. Persons who redeem within two years after their disabilities cease may, of course, redeem on the same terms as other persons who are without disabilities, and who, therefore, redeem within two years from date of sale. *Schissel* v. *Dickson*, 129 Ind. 139 ; *Ristine* v. *Johnson*, 143 Ind. 44.

The conclusion of the court, therefore, that appellee's tax lien should be foreclosed and the appellant's land sold to pay the same, was unauthorized, as was also the judgment that unless appellant should satisfy the lien within ninety days the appellee should have execution and order of sale issued upon the decree. The statute gives appellant two years after the removal of his disability within which to redeem his land, and the courts cannot take that time from him.

The appellant, under the issues and findings, is also entitled to possession of the land. Appellee's lien does not carry with it the right to possession. It may be true that the land being abandoned by the owner at the time of the issue of the tax deed, the appellee might take possession under color of such title and make the improvements found by the court; and hence might, under section 8621, R. S. 1894 (section 203 of the tax law); retain possession until such improvements should be paid for. However that may be, the court has found that such improvements are fully offset by timber sold from the land, and by the rents and profits. Nothing, therefore, remains due appellee but his tax lien, and the appellant should be awarded possession of the land.

Whether the judgment for costs should be modified, as asked for by appellant, is not so clear. Appellant instituted the suit. Had he brought his action simply for possession, he would have recovered all costs with his

judgment. But one purpose of his action was to cancel the tax lien and recover damages for waste and for rents and profits. In this he failed. Each party is entitled to costs in the trial court upon the issues in which he should there have succeeded: appellant as to possession, foreclosure of tax lien, and sale of land; and appellee as to cancellation of the lien.

The judgment is reversed, with costs of appeal, and the court is instructed to modify its judgment and decree in accordance with this opinion.

Filed December 17, 1895.