Essex *v.* Meyers.

---

## ESSEX ET AL. *v.* MEYERS.

### [No. 3,832.   Filed November 26, 1901.]

TRIAL.—*Finding.*—*Conclusion of Law.*—A finding of the court that "a deed was duly issued according to the statute of the State, to the plaintiff herein, by Daniel W. Sanders, auditor of Whitley county," is a mere conclusion of law. *p. 640.*

TAXATION.—*Tax Deed.*—*Attestation.*—A tax deed not witnessed by the county treasurer as provided in §8624 Burns 1901, is not sufficient evidence to entitle the grantee to quiet title to the lands therein conveyed. *p. 640.*

From Whitley Circuit Court; *J. W. Adair,* Judge.

Suit by Mary A. Meyers against Bert Essex and others to quiet title. From a decree for plaintiff, defendants appeal. *Reversed.*

*A. A. Adams,* for appellants.

*T. R. Marshall, W. F. McNagny* and *P. H. Clugston,* for appellee.

ROBINSON, P. J.—Appellee sued to quiet her title to certain real estate, basing her right to the relief demanded upon a tax deed issued to her by the county auditor. Special finding of facts and conclusion of law in appellee's favor; motion for a new trial overruled, and judgment for appellee.

Counsel for appellee argues that the evidence is not in the record. It is not controverted that there has been a substantial compliance with the provisions of the act approved March 8, 1897; but it is claimed that there has not been a compliance with the act approved March 3, 1899. As appellee's brief was filed before the decision in *Adams v. State,* 156 Ind. 596, was rendered, we think it unnecessary to notice the question further. The evidence is in the record under the act of 1897.

The special finding undertakes to set out the different acts of the county officers leading up to a sale of the property for delinquent taxes and the execution of the tax deed. As to the execution of the deed to appellee, the finding states that, "a deed for said premises was on the 21st day of July, 1897, duly issued in accordance with the statutes of this State to the plaintiff herein by Daniel W. Sanders, auditor of Whitley county, Indiana." We regard this as the statement of a conclusion, and not a statement of fact. It would not be necessary to set out the deed, but it should be stated, at least, that the deed was signed, witnessed, and acknowledged by the persons designated by the statute.

But if we treat the statement as a statement of fact, it is not supported by the evidence. The deed introduced in evidence, and under which appellee claims title, was not witnessed by the county treasurer. The statute requires that the deed shall be executed by the county auditor under his hand and seal, witnessed by the county treasurer, and acknowledged before the county recorder, or other officer authorized to take acknowledgments. §8624 Burns 1894. In the case of *Armstrong* v. *Hufty,* 156 Ind. 606, it is held that a tax deed not attested by the county treasurer is not sufficient evidence to entitle the grantee to quiet title to the lands therein conveyed. See, also, *Bowen* v. *Striker,* 100 Ind. 45. The motion for a new trial should have been sustained.

Judgment reversed.