Macy *v.* Lindley—54 Ind. App. 157.

## MACY *v.* LINDLEY ET AL.

[No. 7,699.   Filed November 8, 1912.   Rehearing denied
October 9, 1913.]

1. EVIDENCE.—*Judicial Notice.—Records.*—The court will take judicial notice of its own record.   p. 161.

2. TAXATION.—*Tax Sales.—Redemption.—Infants.*—By the express terms of §10367 Burns 1908, Acts 1891 p. 199, §193, the right of an infant to redeem lands from a tax sale at any time within two years after reaching majority is absolute, and such right cannot be divested by any judgment or decree, so that a sheriff's deed executed pursuant to sale on decree foreclosing a lien for taxes against the lands of an infant is no bar to such infant's right to redeem within two years after reaching full age.   p. 161.

3. TAXATION.—*Tax Sales. — Foreclosure of Lien. — Infants. — Redemption.*—A judgment foreclosing the lien for taxes against the lands of an infant, does not affect such infant's right of redemption in any way, but merely changes the manner of exercising the right.   p. 163.

4. JUDGMENT.—*Default.—Setting Aside.*—Under §405 Burns 1908, §396 R. S. 1881, proceedings may be instituted either by complaint or motion for relief from a judgment, and where it is made to appear that the judgment was taken against a party through mistake, inadvertence, surprise or excusable neglect, the court is bound to grant the relief, if the petition or motion shows a meritorious defense and the facts showing excusable neglect are clearly set forth in plain and concise language.   p. 163.

5. TAXATION.—*Default Judgment.—Application for Relief.—Sufficiency.*—An application for relief from a judgment by default foreclosing a lien for taxes against petitioner's land, showing that at the time petitioner was served with summons she was an infant under fifteen years of age, that she was unaware of the meaning and effect of a summons, and that it was not explained to her, that she was also ignorant of her rights in the property affected by the foreclosure suit, that on return day of such summons petitioner was defaulted, that thereupon a guardian *ad litem* was appointed and answered in general denial, and that judgment was rendered foreclosing the lien and barring

petitioner's equity of redemption, shows not only a good, but an absolute defense, as well as excusable neglect, entitling petitioner to relief under §405 Burns 1908, §396 R. S. 1881. p. 164.

6. LIMITATION OF ACTIONS.—*Statutes.*—*Construction.*—While §405 Burns 1908, §396 R. S. 1881, providing that the right to relief from judgments granted therein must be sought on complaint or motion filed within two years, is a statute of limitations, it must be read with all other statutes of limitations, and since all statutes on the same subject are in *pari materia* and to be construed together, the right of an infant to relief thereunder may be exercised at any time within two years after reaching majority, by virtue of §298 Burns 1908, §296 R. S. 1881, providing that "any person being under legal disabilities when the cause of action accrues, may bring his action within two years after the disability is removed." p. 164.

From Randolph Circuit Court; *Benj. F. Marsh,* Special Judge.

Action by Olga I. Lindley against John W. Macy and others. From a judgment for plaintiff, the defendant John W. Macy, appeals. *Affirmed.*

*A. L. Nichols, A. L. Bales* and *J. W. Macy, Jr.,* for appellant.

*Theodore Shockney,* for appellee, Olga I. Lindley.

ADAMS, P. J.—This action was commenced by Olga I. Lindley, on her verified petition and motion to set aside default, and open up and modify a judgment rendered by the Randolph Circuit Court in 1894, foreclosing a tax lien on lands described in the motion, and wherein appellant was plaintiff and appellees were defendants.

It is averred in the petition and motion that the petitioner by devise from her father was the owner in fee simple of certain described lands, subject to a life estate therein of her mother and guardian, Mary E. Lindley; that her said mother suffered and permitted the taxes to become delinquent on said lands, and in consequence the same were sold by the auditor of the county, and after two years from the date of sale, a tax deed was made to the purchaser, who subsequently conveyed the property to appellant. In 1894, appel-

lant brought suit to foreclose his lien for taxes and to quiet his title to said real estate. The petition and motion shows in detail the manner in which appellant acquired his title, and avers that petitioner was duly served with summons in said action, but that she at the time did not know the meaning and effect of a summons and did not know that she was being served with a summons to appear in court on the day named therein or at any other time; that she was then a minor, under the age of fifteen years and had no knowledge whatever of the legal effect of any summons, and did not know that any summons was served upon her, and did not know at that time what right she had, if any, in the property of which her father died the owner, and that her mother did not tell her. It is further averred in the petition and motion that on the return day, the cause was heard, and that petitioner was defaulted, whereupon the court appointed a guardian *ad litem,* who qualified and filed answer in denial; that the court found for the appellant on his complaint, and decreed that in default of payment of the tax lien within ninety days, the sheriff would sell the real estate therefor, and that thereafter the appellee, Olga I. Lindley and other defendants in said action should be barred of their equity of redemption. It is also alleged in the motion that the judgment was rendered on May 12, 1894, and that on October 12, 1894, appellant sued out an execution and order of sale pursuant to which the sheriff levied on the real estate, advertised the same for sale, and on September 8, 1894, sold said real estate to appellant and executed a deed to him. The petition and motion also shows the subsequent transfers to appellees Kemp and Woten, while petitioner was still a minor, and that said Kemp and Woten took title with knowledge of petitioner's equities, and that all proceedings from the date of the tax sale to the transfer to Woten were wrongful as to petitioner and conveyed no title. The prayer is that the default be set aside, the sheriff's and auditor's sales be declared void, and the petitioner allowed to pay off the taxes

due from her, and relieve her land from the lien thereof. With the motion and petition there was filed proof of service of notice on all parties, showing the nature and purpose of the motion and the time when the same would be heard.

The appellant demurred to the petition on the ground that the same failed to state facts sufficient to constitute a cause of action or entitle the petitioner to the relief prayed, or to any relief. This demurrer was overruled by the court, and the appellant answered in denial and by special answer that the cause of action did not accrue within two years of the filing of the motion. The only evidence offered was that the appellee, Olga I. Lindley, was born on February 1, 1879, and that she filed her motion to modify the judgment on January 15, 1901. The court found that the allegations of the motion were true; that the same was filed within the two years allowed by the statute, and that all parties were properly notified of the pendency thereof; that all the proceedings under which the land was sold, as well as the auditor's deed, the sheriff's deed and subsequent conveyances should be held void as to the said appellee.

Errors relied upon by appellant challenge the sufficiency of the motion and the sufficiency of the evidence to support the finding and judgment. The motion is made pursuant to §405 Burns 1908, §396 R. S. 1881, being §99 of the code as amended by the act of March 4, 1867, Acts 1867 p. 100, which reads: "The court may, at any time, in its discretion, and upon such terms as may be deemed proper for the furtherance of justice, * * * allow a party to file his pleadings after the time limited therefor; and shall relieve a party from a judgment taken against him, through his mistake, inadvertence, surprise, or excusable neglect, and supply an omission in any proceedings, on complaint or motion filed within two years." By §10366 Burns 1908, §8610 Burns 1894, Acts 1891 p. 199, §192, it is provided that the owner or occupant of any land sold for taxes, or any other persons having an interest therein, may redeem the same at

any time during the two years next ensuing in the manner therein provided. By §10367 Burns 1908, §8611 Burns 1894, Acts 1891 p. 199, §193, it is provided that infants, idiots and insane persons may redeem any lands belonging to them, sold for taxes, within two years after the expiration of such disability, in the same manner as provided in the preceding section for the redemption by other persons. It will be observed that this appeal is taken from a judgment rendered on a verified motion to set aside a default and open up a judgment rendered in 1894 in a proceeding to foreclose a tax lien. The material averments of the motion embrace a recital of the steps taken and the judgment rendered in the foreclosure proceedings and the averment that appellee at the time was an infant. The purpose of the motion is to open up the foreclosure proceedings and permit appellee to pay and discharge the amount shown to be due appellant on his lien for taxes.

The only question material in the determination of this appeal, and not shown by the record, in the foreclosure suit, relates to the age of appellee Lindley at the time of filing her motion. The court will take notice of its own record, and the additional evidence offered clearly established that the motion, together with the proof of notice thereof, was filed by appellee within two years after the removal of the disability of infancy. By the express terms of §10367, *supra,* the appellee had an absolute right to redeem her lands from a tax sale at any time within two years after reaching her majority. This was a right of which she could not be divested by any judgment or decree, and as to her, the tax deed of the auditor and the sheriff's deed executed pursuant to sale or decree, constituted no bar to her right to redeem in the manner provided by law, if such right was exercised within two years after reaching full age. To hold otherwise would in effect nullify the plain terms of the statute. In *Wagner* v. *Stewart*

(1895), 143 Ind. 78, 82, 42 N. E. 469, the court said: "The time within which a person suffering under disability may redeem is two years after the removal of the disability. The county auditor however, having no authority to determine whether a landowner is suffering under disability or not, must, when requested, issue the tax deed after the expiration of two years from date of sale. *Lancaster* v. *DuHadway* [1884], 97 Ind. 565. But it is clear that if the time within which the owner, by reason of his disability, may redeem, has not expired, there can be no quieting of title against him by the holder of such a tax deed. Persons who redeem within two years after their disabilities cease may, of course, redeem on the same terms as other persons who are without disabilities, and who, therefore, redeem within two years from date of sale. *Schissel* v. *Dickson* [1891], 129 Ind. 139; *Ristine* v. *Johnson* [1895], 143 Ind. 44 [41 N. E. 538, 42 N. E. 310]. The conclusion of the court, therefore, that appellee's tax lien should be foreclosed and the appellant's land sold to pay the same, was unauthorized, as was also the judgment that unless appellant should satisfy the lien within ninety days the appellee should have execution and order of sale issued upon the decree. The statute gives appellant two years after the removal of his disability within which to redeem his land, and the courts cannot take that time from him." In *Ristine* v. *Johnson, supra,* it is held that the execution of a tax deed does not prevent one under disability from exercising the right of redemption, and that, under the provisions of the tax law, infants cannot be deprived of the right of redemption under tax sales during infancy, and until two years after the expiration of such disability.

In the case at bar appellee Lindley could not redeem her lands in the usual manner. At the time of filing her motion a tax deed had been executed, and in an action to foreclose appellant's lien for taxes the amount was ascertained and a sale of appellee's lands ordered. To this action appellee was a party. She was served with summons and defaulted. Her

infancy was suggested, and a guardian *ad litem* appointed, who qualified and filled a formal answer in denial. The judgment did not affect her right of redemption in any way, but it changed the manner of exercising the right. When she reached full age, she found her lands claimed by another under a sheriff's deed regular on its face, made pursuant to decree and sale in an action expressly authorized by statute. But it affirmatively appearing that appellee was at the time an infant, the judgment whereby her equity of redemption was barred, was erroneous, as to her, in that the court had no authority to make such decree.

The law does not provide any special form of procedure in exercising the statutory right of redemption in a case such as disclosed by the facts before us. Doubtless, there are other methods which appellee might have followed, but we are only concerned in ascertaining whether she could exercise the right in the manner pursued in this case. Under §405 Burns 1908, §399 Burns 1901, §396 R. S. 1881, the proceedings may be instituted either by complaint or motion, and where it is made to appear that the judgment was taken against a party through mistake, inadvertence, surprise or excusable neglect, the court is bound to grant the relief, where the petition or motion shows that the petitioner has a meritorious defense, and the facts showing excusable neglect are clearly set forth in plain and concise language. *Ratliff* v. *Baldwin* (1867), 29 Ind. 16; *Smith* v. *Noe* (1868), 30 Ind. 117; *Phelps* v. *Osgood* (1870), 34 Ind. 150; *Buck* v. *Havens* (1872), 40 Ind. 221; *Lake* v. *Jones* (1874), 49 Ind. 297; *Nord* v. *Marty* (1877), 56 Ind. 531; *Douglass* v. *Keehn* (1881), 78 Ind. 199. Where such showing is made, the application is heard by the court in a summary manner, and no proceedings beyond the petition or motion are contemplated. *Douglass* v. *Keehn, supra; Lake* v. *Jones, supra; Ratliff* v. *Baldwin, supra.*

The verified motion before us clearly shows not only a

good, but an absolute defense on the part of appellee, as well as excusable neglect in failing to appear and defend in response to the summons. By the express terms of §405, *supra*, the right granted therein must be sought on complaint or motion filed within two years, and the question arises, can appellee, after two years from the rendition of the judgment, but within the two years after reaching full age, invoke the benefit of the statute? The section which limits the right to open up a judgment or decree to two years is clearly a statute of limitation, and must be read with all other statutes of limitation. It is a general rule of statutory construction that all statutes on the same general subject are to be considered in *pari materia*, and are to be construed together. *Elliott* v. *Brazil Block Coal Co.* (1900), 25 Ind. App. 592, 55 N. E. 736, and cases cited. It, therefore, follows that §405, *supra*, must be considered with §298 Burns 1908, §296 R. S. 1881, which provides that ''any person being under legal disabilities when the cause of action accrues, may bring his action within two years after the disability is removed.'' As to appellee, we think the benefits of the statute were saved to her until she commenced this proceeding by filing her motion and giving notice.

The judgment is affirmed.

NOTE.—Reported in 99 N. E. 790. See, also, under (1) 16 Cyc. 915; (2) 37 Cyc. 1390; (4) 23 Cyc. 897; (6) 36 Cyc. 1147. As to opening default judgments, see 58 Am. Dec. 392; 96 Am. St. 108.