## FIGGINS *v.* FIGGINS.

[No. 7,868.    Filed March 13, 1913.]

1. DEEDS.—*Construction.—Intention of Parties.*—In construing a deed, the words employed should be given their fair, usual and reasonable meaning, and the intention of the parties, if discernible and not unlawful, should be effectuated.  p. 45.

2. DEEDS.—*Construction.—Interest Conveyed.*—A deed reciting that the grantors convey and warrant to the grantee for life, and that, at the death of the grantee, the real estate conveyed is to revert to the right, title and interest of grantee's son, without process of law, conveyed a life estate to the grantee and the fee simple to her son.  p. 45.

3. LIFE ESTATE.—*Payment of Taxes.—Duty of Tenant.*—The taxes on real estate should be paid by the life tenant during the occupancy by such tenant, and failure to do so creates a lien in the first instance against his interest in the real estate.  p. 46.

4. TAXATION.—*Tax Sales.—Time for Redemption.—Infancy.*—The time within which an infant or other person suffering under legal disability may redeem from a tax sale, is two years after the removal of the disability.  p. 46.

5. TAXATION.—*Tax Sales.—Disability of Owner.—Tax Deeds.—Duty of Auditor.*—The county auditor has no authority to determine whether a landowner is suffering under disability, but he must, on request, issue the tax deed, after expiration of two years from date of sale.  p. 46.

6. TAXATION.—*Tax Sales.—Redemption.—Quieting Title.*—If the time has not expired in which the owner by reason of his disability may redeem his land from sale for taxes, the holder of the tax deed cannot quiet title against him.  p. 46.

7. APPEAL.—*Review.—Exceptions to Conclusions of Law.*—The trial court's conclusion that the law is with defendants, correct as to one defendant, but not as to the other, will not be disturbed where separate exceptions were not reserved by plaintiff.  p. 46.

From Greene Circuit Court; *Charles E. Henderson,* Judge.

Action by Jesse Figgins against Elizabeth Figgins and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*William L. Slinkard,* for appellant.

*Webster V. Moffett,* for appellees.

SHEA, J.—This was a suit to quiet title brought by appellant Jesse Figgins against appellees. Issues were formed by a complaint in two paragraphs, answer in general denial by appellees, Ona Figgins and Russell Figgins, the latter by his guardian *ad litem,* and a default by appellees, Elizabeth and James Figgins, to the complaint. A special finding of facts was made by the court, conclusion of law stated thereon, and judgment rendered in favor of appellees.

Appellant assigns that the court erred in its conclusion of law on the finding of facts. The facts found are, substantially, that on February 15, 1901, the title to the real estate described in the complaint was in William Hunter and Francis Hunter, who, on said day, their wives joining, by warranty deed conveyed and warranted to Elizabeth Figgins the property in question "for life—and at her death said real estate to revert to the right, title and interest of Russell Figgins, her son, without process of law." Prior to February 12, 1906, the taxes on the real estate became delinquent, and the same was duly sold on that day by the auditor and treasurer of Greene County, Indiana, to appellant Jesse Figgins, a tax-title deed being delivered and executed to him by said auditor and treasurer which was recorded in the recorder's office of Greene County. On December 29, 1908, Elizabeth Figgins, her husband, James Figgins, joining, executed to appellant, Figgins, their quitclaim deed for the consideration of $1 named therein, which deed was duly recorded, and he has been the owner of said real estate and of the interest of Elizabeth Figgins, ever since, according to the terms of said deed. Russell Figgins named in the deed from Hunter and Hunter to Elizabeth Figgins, was the latter's son, and died April 28, 1903, leaving surviving him as his only heirs at law his widow Ona Figgins, and a posthumous child Russell Figgins, both appellees herein; that appellant Jesse Figgins paid at the tax sale as and for delinquency on said real estate the sum of $15.59, and afterwards at various times paid certain sums aggregating $9.49; that

he has been in possession of the real estate for about one year, and Elizabeth Figgins has been living thereon ever since February 15, 1901. The deed from Hunters to Elizabeth Figgins, which is set out in the special findings, contains the following language—grantors ''convey and warrant to Elizabeth Figgins—for life—and at her death said real estate to revert to the right, title and interest of Russell Figgins, her son, without process of law.''

In the construction of deeds, the words employed 1. should be given their fair, usual and reasonable meaning. *Evans* v. *Dunlap* (1905), 36 Ind. App. 198, 75 N. E. 297; *Tinder* v. *Tinder* (1892), 131 Ind. 381, 30 N. E. 1077. It is the duty of the court to effect the intention of the parties if it can be discovered, and does not contravene any rule of law. *Elsea* v. *Adkins* (1905), 164 Ind. 580, 74 N. E. 242, 108 Am. St. 320. The language used in 2. the deed is awkward, but fairly construed, it is our judgment that it conveyed to Elizabeth Figgins a life estate, the fee simple to Russell Figgins. *Evans* v. *Dunlap, supra; Adams* v. *Merrill* (1910), 45 Ind. App. 315, 322, 85 N. E. 114, 87 N. E. 36; *Burns* v. *Weesner* (1893), 134 Ind. 442, 445, 34 N. E. 10; *Doren* v. *Gillum* (1893), 136 Ind. 134, 35 N. E. 1101.

The special findings of fact disclose that during the occupancy of Elizabeth Figgins as such life tenant, the taxes upon the real estate in question became delinquent. It was sold by the auditor and treasurer of Greene County, and purchased by Jesse Figgins; that Russell Figgins named in the deed from Hunters died on April 28, 1903, leaving surviving him his widow, Ona Figgins, and a posthumous child, Russell Figgins, appellees herein; that on December 29, 1908, Elizabeth Figgins, her husband joining therein, executed to appellant, Jesse Figgins, her quit-claim deed for $1 consideration named, conveying the real estate described in the complaint; that Jesse Figgins has ever since been the owner of the interest of Elizabeth Figgins according to the terms

of the deed, and had been in possession of the real estate for about a year; that Elizabeth Figgins has been living on the real estate since February 15, 1901.

The taxes on the real estate should have been paid by the life tenant during her occupancy thereof, and her failure to do so, created a lien in the first instance upon her interest in said real estate. The special findings of fact also disclose definitely that appellee, Russell Figgins, was at the time in question, and still is, an infant. The time within which an infant or other person suffering under legal disability may redeem from a tax sale, is two years after the removal of the disability. The deed was delivered to the appellant in this case because the auditor has no authority to determine whether a landowner is suffering under disability and must, when requested, issue the tax deed, after expiration of two years from the date of sale. *Lancaster* v. *DuHadway* (1884), 97 Ind. 565. It is settled that if the time, in which the owner by reason of his disability may redeem, has not expired, there can be no quieting of title against him by the holder of the tax deed. *Wagner* v. *Stewart* (1895), 143 Ind. 78, 42 N. E. 469; *Schissel* v. *Dickson* (1891), 129 Ind. 139, 28 N. E. 540; *Ristine* v. *Johnson* (1895), 143 Ind. 44, 41 N. E. 538, 42 N. E. 310; *Macy* v. *Lindley* (1913), 54 Ind. App. —, 99 N. E. 790. The law is correctly stated with respect to the infant defendant. Separate exceptions were not reserved, so it must be held to be good as to both defendants.

The case was fairly tried, and a correct result was reached. The conclusion of law was correctly stated. Judgment affirmed.

NOTE.—Reported in 101 N. E. 110. See, also, under (1) 13 Cyc. 601, 605, (2) 13 Cyc. 646; (3) 16 Cyc. 632; (4) 37 Cyc. 1390; (5) 37 Cyc. 1422; (6) 37 Cyc. 1488; (7) 38 Cyc. 1990. As to life tenant's duty to pay taxes, see 114 Am. St. 448; 32 L. R. A. 744.